1  STACEY E. JAMES, Bar No. 185651
   sjames@littler.com
2  LITTLER MENDELSON
   A Professional Corporation
3  501 W. Broadway
   Suite 900
4  San Diego, CA  92101.3577
   Telephone:  619.232.0441
5  Facsimile:   619.232.4302

6
   HEATHER M. DAVIS, Bar No. 239372
7  hdavis@littler.com
   LITTLER MENDELSON, P.C.
8  2049 Century Park East
   5th Floor
9  Los Angeles, CA  90067.3107
   Telephone:  310.553.0308
10 Facsimile:   310.553.5583

11 Attorneys for Defendant
   XTRA LEASE, LLC
12

13                UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15 LUKE ZEMAN,                    Case No. 2:13-04990-DDP(Ex)

16            Plaintiff,          **NOTICE TO FEDERAL COURT OF
                                  REMOVAL OF CIVIL ACTION
17 v.                             FROM STATE COURT PURSUANT
                                  TO 28 U.S.C. §§ 1332, 1441**
18 XTRA LEASE, LLC; and DOES 1 TO
19 10, inclusive,

20            Defendants.

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

Firmwide:121676208.3 060954.1008

1      TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

2 CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF, AND HIS ATTORNEYS

3 OF RECORD:

4      PLEASE TAKE NOTICE that Defendant XTRA LEASE, LLC, ("Defendant" or

5 "XTRA") hereby removes the above-captioned action from the Los Angeles Superior

6 Court in the State of California to the United States District Court for the Central

7 District of California.

8      This removal is based on 28 U.S.C. §§ 1441, and 1446. This Notice is based

9 upon the original jurisdiction of this Court over the parties under 28 U.S.C §1332(a)

10 and the existence of complete diversity of citizenship among the parties. Defendant

11 makes the following allegations in support of its Notice of Removal:

12 **STATEMENT OF JURISDICTION**

13      1.     This action is a civil action over which this Court has original jurisdiction

14 based on diversity of citizenship pursuant to 28 U.S.C. section 1332(a), and is one

15 which may be removed to this Court by XTRA pursuant to 28 U.S.C. section 1441(b)

16 because it is a civil action between citizens of different states and the amount in

17 controversy exceeds $75,000, exclusive of interest and costs, as set forth below. 28

18 U.S.C. §§ 1332, 1441(a), and 1146(b).

19 **VENUE**

20      2.     The action was filed in Superior Court of California for the County of Los

21 Angeles. Thus, venue properly lies in the United States District Court for the Central

22 District of California. *See* 28 U.S.C. §§ 84(c), 1391(a), 1441(a).

23 **PLEADINGS, PROCESS AND ORDERS**

24      3.     This lawsuit arises out of Plaintiff's employment with Defendant XTRA.

25 On June 7, 2013, Plaintiff filed a Complaint in the Superior Court of the State of

26 California, County of Los Angeles, entitled *LUKE ZEMAN, Plaintiff v. XTRA LEASE,*

27 *LLC, and DOES 1 to 10, inclusive; Defendants,* designated as Case No. BC511656

28 (the "Complaint"), a true and correct copy of which is attached as Exhibit A.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:121676208.3 060954.1008

1.

4.    The Complaint asserts the following purported causes of action against XTRA: (1) Overtime (California Labor Code sections 510 and 1194 and IWC Wage Order 9); (2) Failure to Provide Meal Periods (California Labor Code sections 226 and 512 and IWC Wage Order 9); (3) Failure to Furnish Wage Statements (California Labor Code sections 226 and 226.3 and IWC Wage Order 9); and (4) Unfair Competition (Cal. Bus. And Prof. Code section 17200 *et seq.*).

5.    On June 11, 2013, Plaintiff served the Complaint and Summons on XTRA's counsel of record. A true and correct copy of those pleadings are attached as Exhibit A.

6.    On July 9, 2013, Defendant received a copy of a Court Order regarding Status Conference. Attached as Exhibit B is a true and correct copy of the Order.

7.    On June 10, 2013, Defendant XTRA filed in the Superior Court of California, its Answer to the Complaint. Attached as Exhibit C is a true and correct copy of the Answer.

8.    To Defendant XTRA's knowledge, no further process, pleadings, or orders related to this case have been filed in Los Angeles County Superior Court.

**TIMELINESS OF REMOVAL**

9.    This Notice of Removal is timely, in that 28 U.S.C. section 1446(b) requires that a notice of removal in a civil action must be filed within thirty (30) days after service of the summons and complaint. 28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day removal period begins to run upon service of the summons and complaint). XTRA was served with a copy of the Summons and Complaint on June 11, 2013. Accordingly, this Notice of Removal is timely.

**JOINDER OF ALL SERVED PARTIES**

**COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN**

**PLAINTIFF AND ALL NAMED DEFENDANTS.**

10.    The Court has jurisdiction over this action because complete diversity of

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:121676208.3 060954.1008

2.

1  citizenship between citizens of different states exists and the matter in controversy

2  exceeds the sum of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a).

3      11.    Diversity of citizenship exists so long as no plaintiff is the citizen of the

4  same state as any defendant at the time the action was filed and at the time of removal.

5  *See Strawbridge v. Curtiss*, 7 U.S. (3 Branch) 267 (1806); *see also United Food Local*

6  *919 v. Centermarie Properties*, 30 F. 2d 298, 301 (2d Cir. 1994).   For purposes of

7  removal, the citizenship of Doe Defendants are disregarded and only named

8  defendants are considered.   28 U.S.C. § 1441(a); *see Newcombe v. Adolf Coors Co.*,

9  157 F. 3d 690 (9th Cir. 1998).

10     **A.    Plaintiff is a Citizen of California.**

11     12.    Citizenship of a natural person is established by domicile.   28 U.S.C. §

12  1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled).   A

13  person's domicile is established by physical presence and an intent to remain

14  indefinitely.   *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986); *Kanter v. Warner-*

15  *Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

16     13.    In the Ninth Circuit, the factors, requirements, and principles for the

17  establishment of "citizenship" for removal purposes are summarized decision in *Lew*

18  *v. Moss*, 797 F.2d 747, 749-750 (9th Cir. 1986), a case frequently cited by District

19  Courts in the Circuit when faced with this issue.   Therein the Court stated:

20          . . . To demonstrate citizenship for diversity purposes a party

21          must (a) be a citizen of the United States, and (b) be

22          domiciled in a state of the United States.     [Citations

23          omitted.]   Our cases have established several principles to

24          guide this inquiry.    First, the party asserting diversity

25          jurisdiction bears the burden of proof.   [Citation omitted.]

26          Second, a person is "domiciled" in a location where he or

27          she has established a "fixed habitation or abode in a

28          particular place, and [intends] to remain there permanently

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:121676208.3 060954.1008

3.

or indefinitely." [Citations omitted.] Third, the existence of domicile for purposes of diversity is determined as of the time the lawsuit is filed. [Citation omitted.]

Finally, a person's old domicile is not lost until a new one is acquired. [Citations omitted.] A change in domicile requires the confluence of (a) physical presence at the new location with (b) an intention to remain there indefinitely. [Citations omitted.]

Courts in other jurisdictions have recognized additional principles relevant to our present analysis. The courts have held that the determination of an individual's domicile involves a number of factors (no single factor controlling), including: current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes. [Citations omitted.] The courts have also stated that domicile is evaluated in terms of "objective facts," and that "statements of intent are entitled to little weight when in conflict with facts." [Citations omitted.]

The determination of a party's domicile is a mixed question of law and fact. [Citations omitted.] . . . . The factors listed above for determining domicile are "essentially factual," and hence the district court's determination of Moss's domicile is reviewed under the "clearly erroneous" standard. [Citations omitted.]

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:121676208.3 060954.1008

4.

1 | 797 F.2d at 749-750.

2 | 14. Here, it is evident that Plaintiff is a citizen of California. In this regard:

3 | (a) XTRA employed Plaintiff in California between May 2009 through
4 | the present. Compl., ¶ 15; Declaration of Shawn A. Hughes in Support of XTRA's
5 | Notice to Federal Court of Removal of Civil Action, ¶ 6 ("Hughes Decl.");

6 | (b) Since May 2009 through the present, Plaintiff's address of record
7 | with XTRA was located in California. Hughes Decl., ¶ 7.

8 | (c) From May 2009 through the present, XTRA withheld California state
9 | income tax from Plaintiff's pay checks. Hughes Decl., ¶ 8.

10 | 15. Thus, from May 2009 through the date this action was filed, based upon
11 | objective facts, Plaintiff is a citizen of the State of California. *See* Hughes Decl., ¶¶ 6-
12 | 78

13 | **B.    XTRA Is Not A Citizen of California.**

14 | 16. XTRA Lease, LLC is a Delaware limited liability company. Hughes
15 | Decl. ¶3  XTRA Lease, LLC has its principal place of business in St. Louis, Missouri.
16 | Hughes Decl. ¶3. XTRA Lease's senior executive officers are located in St. Louis,
17 | Missouri, including XTRA Lease's Chief Executive Officer, Chief Financial Officer
18 | Senior Vice President, Vice President of Human Resources, Vice President of
19 | Marketing, Vice President of Customer Financial Services, Vice President of Real
20 | Estate, and Vice President General Counsel. Hughes Decl., ¶ 3.   Most of the
21 | administrative and executive functions of XTRA Lease, LLC are performed in St.
22 | Louis, Missouri. Hughes Decl., ¶ 3.

23 | 17. The citizenship of a limited liability company for purposes of diversity
24 | jurisdiction is the citizenship of its members. *Johnson v. Columbia Properties*
25 | *Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

26 | 18. The sole member of XTRA Lease, LLC is XTRA LLC. Hughes Decl., ¶
27 | 4. XTRA LLC is a Maine limited liability company. Hughes Decl. ¶ 4. XTRA LLC's
28 | executive officers are all located in St. Louis, Missouri. Hughes Decl., ¶ 4. All of

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:121676208.3 060954.1008

5.

1    XTRA LLC's administrative and executive functions are performed in St. Louis,

2    Missouri. Hughes Decl., ¶ 4.

3          19.    The sole member of XTRA LLC is XTRA Companies, Inc.  Hughes

4    Decl. ¶ 5. XTRA Companies, Inc. is a Delaware Corporation with a principal place of

5    business located in St. Louis, Missouri. Hughes Decl., ¶ 5. XTRA Companies, Inc.'s

6    corporate headquarters are located in St. Louis, Missouri. Hughes Decl., ¶ 5. All of

7    XTRA Companies, Inc.'s officers reside in St. Louis, Missouri. Hughes, Dec., ¶ 5.

8    All of XTRA Companies, Inc.'s administrative and executive functions are performed

9    in St. Louis, Missouri. Hughes, Decl., ¶ 5. XTRA Lease, LLC is, therefore, a citizen

10   of the states of Delaware and Missouri, as provided in 28 U.S.C. § 1332(c).  *See*

11   Hughes Decl.¶ ¶ 3-5.

12         20.    Thus, XTRA Lease, LLC's principal place of business is in the State of

13   Missouri, and it is therefore a citizen of the State of Missouri for the purpose of

14   determining diversity of citizenship. *See Hertz Corp v. Friend*, 130 S.Ct. 1181, 1192,

15   175 L.Ed.2d 1029 (2010); *see also Breitman v. May Co.*, 37 F.3d 562, 564 (9th Cir.

16   1994) (corporation is citizen of state in which its corporate headquarters are located

17   and where its executive and administrative functions are performed). Since the sole

18   member of XTRA is a citizen of the State of Missouri, XTRA is a citizen of the State

19   of Missouri for the purpose of determining diversity of citizenship.

20         **C.    Complete Diversity Exists As No Other Parties Have Been Served.**

21         21.    Defendants Does 1 through 10 are fictitious.  The Complaint does not set

22   forth the identity or status of any fictitious defendants, nor does it set forth any

23   charging allegation against any fictitious defendants.   Thus, pursuant to Section

24   1441(a), the citizenship of defendants sued under fictitious names must be disregarded

25   for purposes of determining diversity jurisdiction and cannot destroy the diversity of

26   citizenship between the parties in this action. *See Newcombe v. Adolf Coors Co.*, 157

27   F.3d 686, 690-91 (9th Cir. 1998).

28         22.    Accordingly, because Plaintiff is a citizen of a State different from

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:121676208.3 060954.1008

6.

1  Defendant XTRA, complete diversity of citizenship for purposes of establishing

2  diversity jurisdiction. *See* 28 U.S.C. §§ 1332(a).

3  ## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

4    23. Based on a reasonable reading of Plaintiff's Complaint, the amount in

5  controversy is clearly greater than $75,000, exclusive of interest and costs. Although

6  Plaintiff's Complaint is silent as to the total amount of damages claimed, the failure of

7  the Complaint to specify the total amount of damages sought does not deprive this

8  Court of jurisdiction. XTRA need only establish by a preponderance of evidence that

9  Plaintiff's claims exceed the jurisdictional minimum. *Singer v. State Farm Mut. Auto*

10  *Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Sanchez v. Monumental Life Ins. Co.*, 102

11  F.3d 398, 404 (9th Cir. 1996).

12    24. In his Complaint, Plaintiff asserts four causes of action and prays for a

13  myriad of monetary damages, including, general damages for lost wages, statutory and

14  civil penalties, attorneys' fees and interest. *See* Compl., *passim* and Prayer for Relief.

15  Although Defendant denies it should be liable for the damages alleged in Plaintiff's

16  Complaint, for purposes of determining whether the minimum amount in controversy

17  has been satisfied, the Court must presume that Plaintiff will prevail on each and

18  every one of his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*,

19  199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The reason for that analysis is that the

20  ultimate inquiry is the amount that is put "in controversy" by Plaintiff's Complaint,

21  and not how much, if anything, Defendant will actually owe. *Rippee v. Boston Market*

22  *Corp.*, 408 F.Supp.2d 982, 986 (S.D. Cal. 2005); *see also Schere v. Equitable Life*

23  *Assurance Soc'y of the U.S.*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the

24  ultimate or provable amount of damages is not what is considered in the removal

25  analysis; rather, it is the amount put in controversy by the plaintiff's complaint). *see*

26  *also Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in

27  controversy is not measured by the low end of an open-ended claim, but rather by

28  reasonable reading of the value of the rights being litigated").

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:121676208.3 060954.1008

7.

## Compensatory Damages

25.     Compensatory damages are considered when determining the amount in controversy. *Bell v. Preferred Life Assur. Soc'y of Alabama*, 320 U.S. 238, 240 (1943); *Bassett v. Toyota Motor Credit Corp.*, 818 F. Supp. 1462, 1464-65 (S.D. Ala. 1993).

26.     Plaintiff's estimate of damages far exceeds the jurisdictional minimum as of May 8, 2013. *See* Exhibit A to Declaration of Stacey James "James Decl."; *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (holding letter from plaintiff's counsel stating the amount in controversy showed removal was proper); *Babasa v. Lenscrafters, Inc.*, 498 F.3d 972 (9th Cir. 2007) (holding settlement demand letter was evidence of amount in controversy for purposes of removal).   In fact, Plaintiff's counsel estimates lost wages, interest and penalties to amount to more than $150,000. Ex. A to James Decl.   Therefore, Plaintiff puts the amount in controversy above the $75,000 threshold.

### A.     Overtime Pay

27.     Specifically, Plaintiff seeks recovery of overtime wages in connection with his claims. *See* Compl., Prayer for Relief.   Between June 2009 and March 31, 2011, Plaintiff earned a fixed base salary of $45,000 and variable compensation in the form of incentive bonuses. *See* Exhibit A to James Decl.   Between 2009 and March 31, 2011, Plaintiff earned a fixed base salary of $46,350 per annum ($3,862 per month) and variable compensation in the form of incentive bonuses. *See* Exhibit A to James Decl.   Plaintiff alleges that he worked 2.5 hours per day of overtime at the overtime rate of pay of approximately $45 per hour.   (*Id.*)   Plaintiff alleges that he is owed more than $100,000 in overtime pay ($45 per hour x 189.94 hours)).   (*Id.*)   In addition, Plaintiff seeks interest on such overtime pay at the rate of 10% per annum pursuant to California Labor Code section 218.6.   (*Id.*)   Such interest exceeds $20,000. (*Id.*)

### B.     Meal Period Premiums.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:121676208.3 060954.1008

28.     Plaintiff also seeks to recover premium pay for Defendant's alleged failure to provide meal periods during his employment. (*Id.*) Plaintiff alleges during his employment he was not provided with meal period premiums 5 days per week. (*Id.*) In total, Plaintiff seeks more than $30,000 in meal period premiums for missing 911 missed meal periods during his employment. (*Id.*) In addition, Plaintiff seeks interest on such meal period premium at the rate of 10% per annum in the amount of more than $5,000 pursuant to California Labor Code section 218.6. (*Id.*)

**C.     Wage Statement Damages.**

29.     Plaintiff also seeks to recover for violation of California Labor code section 226. (Plaintiff's Complaint, *passim*). Plaintiff seeks a total of $2,350 in wage statement damages for Defendant's alleged failure to provide accurate itemized wage statements. (*Id.*) [1]

**D.     Attorneys' Fees.**

30.     Plaintiff is also seeking statutory attorneys' fees for his overtime and wage statement claims. *See* Compl., Prayer for Relief, ¶ G. Attorneys' fees should be included in calculating the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (prayer for attorneys' fees included in determining the amount in controversy where potentially recoverable by statute); *see Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (court may estimate the amount of reasonable attorneys' fees likely to be recovered by a plaintiff if she were to prevail in determining whether amount in controversy exceeds $75,000).

31.     Moreover, Plaintiff seeks attorneys' fees and costs in his Complaint pursuant to Labor Code sections 1194 and 2699(g). Plaintiff's own counsel agrees

---

[1] In addition, Plaintiff seeks to recover civil penalties in the amount of $100 for the alleged initial violations and $200 for subsequent violations. Exhibit A to James Decl. Again, Defendant denies that Plaintiff has properly alleged this claim and/or that he may seek to recover such claims, such alleged penalties would amount to more than $4,000 using Plaintiff's own calculations.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:121676208.3 060954.1008

9.

1  that attorney's fees will increase in time, and therefore, the amount in controversy.

2  *See* Exhibit A to James Decl., Thus, Plaintiff's demand for attorneys' fees further

3  increases the amount in controversy in this case.  Exhibit A to James Decl.

4       32.    After compiling damages for wages and penalties exceeding ($150,000)

5  and an award for Plaintiff's attorneys' fees, it is more likely than not that Plaintiff

6  would recover in excess of $75,000.  Accordingly, Defendant has carried its burden of

7  demonstrating by a preponderance of the evidence that the amount in controversy in

8  this matter exceeds the jurisdictional minimum.

9  **NOTICE TO COURT AND PARTIES**

10       33.    Defendant shall provide written notice of the removal to counsel for

11  Plaintiff, and a copy of this Notice of Removal will be filed with the Clerk of the

12  Superior Court for the State of California for the County of Los Angeles.

13  Dated:   July 11, 2013            Respectfully submitted,
LITTLER MENDELSON, P.C.

14

15

16                HEATHER M. DAVIS

17                Attorneys for Defendant
XTRA LEASE, LLC

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:121676208.3 060954.1008

10.

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

XTRA LEASE, LLC, and DOES 1 TO 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LUKE ZEMAN

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 07 2013

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAUNYA WESLEY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Los Angeles County Superior Court<br>Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>BC511656 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Aaron Kaufmann, Jennifer Keating Leonard Carder, LLP, 1330 Broadway, Suite 1450, Oakland, CA 94612
(510) 272-0169

DATE: June 7, 2013                          JOHN A. CLARKE    Clerk, by _____, Deputy
*(Fecha)*    JUN 07 2013                      *(Secretario)*    WESLEY    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* XTRA LEASE, LLC

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)   ☑ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):* 06/11/13

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1   Aaron Kaufmann, State Bar No. 148580
2   Jennifer Keating, State Bar No. 250857
    LEONARD CARDER, LLP
3   1330 Broadway, Suite 1450
    Oakland, CA 94612
4   Tel: (510) 272-0169
    Fax: (510) 272-0174
5   E-mail: akaufmann@leonardcarder.com
    E-mail: jkeating@leonardcarder.com
6   Attorneys for Plaintiff

7

8

9              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                        FOR LOS ANGELES COUNTY

11  LUKE ZEMAN,                          Case No.      BC 511656

12            Plaintiff,                 COMPLAINT FOR:

13                                       (1) OVERTIME (Labor Code §§ 510, 1194,
14       v.                              IWC WAGE ORDER NO. 9);
                                         (2) FAILURE TO PROVIDE MEAL
15  XTRA LEASE, LLC, and DOES 1 to 10    PERIODS (Labor Code §§ 226.7, 512, IWC
16  inclusive,                           WAGE ORDER NO. 9);
                                         (3) FAILURE TO FURNISH ACCURATE
17                                       WAGE STATEMENTS (Labor Code §§ 226,
            Defendants.                  226.3, IWC WAGE ORDER NO. 9);
18                                       (4) UNFAIR COMPETITION (Bus. & Prof.
19                                       Code § 17200, et seq.)
20                                       JURY TRIAL REQUESTED

21

22                                       BY FAX

23

24

25

26

27

28

                                    - 1 -
                                   COMPLAINT

Plaintiff LUKE ZEMAN complains of Defendant XTRA LEASE, LLC as follows:

## I.   INTRODUCTION

1.      This is an action for relief under California law for unpaid overtime compensation, premium pay for missed meal periods, restitution, disgorgement, statutory penalties, interest, and attorneys' fees and costs.

2.      Defendant XTRA Lease, LLC ("XTRA") provides over-the-road trailers for rent and lease from branch locations across the United States.  Since about May 1, 2009, XTRA has employed Plaintiff Luke Zeman ("Plaintiff" or "Mr. Zeman") at its branch in City of Industry in Los Angeles County, California.

3.      XTRA has failed to compensate Mr. Zeman for all overtime hours worked, including all hours worked in excess of eight hours in one workday or 40 hours in any one workweek at the rate of no less than one and one-half times Mr. Zeman's regular rate of pay, and all hours worked in excess of 12 hours in one workday at a rate of no less than two times Mr. Zeman's regular rate of pay.

4.      XTRA also has failed to provide lawful, off-duty meal periods for Mr. Zeman.

## II.   JURISDICTION

5.      This Court has jurisdiction over the claims for overtime pay under Labor Code §§ 510, 1194.

6.      This Court has jurisdiction over the claims for failure to provide meal periods under Labor Code §§ 226.7, 512, and IWC wage order No. 9.

7.      This Court has jurisdiction over the claims for failure to furnish accurate wage statements under Labor Code §§ 226, 226.3 and IWC wage order No. 9.

8.      This Court has jurisdiction over the claims for unfair competition under Bus. & Prof. Code § 17200, *et seq.*

9.      This Court has jurisdiction over the claims for restitution of gains arising from Defendants' unlawful business practices, under California's Unfair Competition Law ("UCL"), Business & Professions Code §§ 17203 and 17204.

//

- 2 -
COMPLAINT

### III.   VENUE

10.   Venue as to Defendants is proper in Los Angeles County, pursuant to Code of Civil Procedure § 395.5.   XTRA has maintained branch locations, has transacted business, and/or has had agents in Los Angeles County, and is otherwise within this Court's jurisdiction for purposes of service of process.   Mr. Zeman has worked unpaid overtime and missed meal periods as part of his work duties carrying out XTRA's business in Los Angeles County since May 1, 2009.

### IV.   PARTIES

11.   Plaintiff Luke Zeman resides in Riverside County.   He has worked at the XTRA branch in City of Industry in Los Angeles County, as Operations Manager, from about May 1, 2009 to present.

12.   Defendant XTRA is incorporated under the laws of Delaware.   XTRA provides over-the-road trailers for rent and lease from multiple branch locations in Los Angeles County, including one in City of Industry.   XTRA is and at all relevant times has been an employer covered by the Labor Code and IWC Wage Order No. 9.

13.   The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names.   Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.   Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.   Hereinafter Defendant XTRA and the DOE Defendants shall be referred to collectively as "Defendants."

### V.   FACTUAL BACKGROUND

14.   Mr. Zeman has worked for XTRA since 2007, beginning as an Operations Assistant in the Seattle, Washington area.   Mr. Zeman was paid on an hourly basis while working as an Operations Assistant.

15.     In about May of 2009, Mr. Zeman was promoted to Operations Manager, and transferred to the City of Industry branch in Los Angeles County, California, where he continues to work for XTRA.

16.     Defendants have paid Mr. Zeman on a salary basis since his transfer to the City of Industry branch. Mr. Zeman has also received a non-discretionary bonus each year in accordance with XTRA's Branch Bonus Plan, which is calculated based on the City of Industry branch's rate of return for the year.

17.     Defendants have instructed Mr. Zeman not to track his time worked, but to only report 40 hours a week for payroll processing.

18.     Defendants have not paid Mr. Zeman any overtime compensation since May 1, 2009, even though Mr. Zeman has regularly worked in excess of eight hours in a day and 40 hours in a week.

19.     Mr. Zeman generally is and has been required to be available to serve customers at all times during the branch's business hours, from 8:00 a.m. until 5:00 p.m. As a result, Defendants have regularly failed to provide a 30 minute off-duty meal period to Mr. Zeman when he has worked more than five hours in a day. Similarly, Defendants have also regularly failed to provide a second 30 minute off-duty meal period to Mr. Zeman when he has worked more than ten hours in a day.

20.     Defendants have failed to pay Mr. Zeman an additional hour of pay at his regular rate of pay for each off-duty meal period that Defendants have failed to provide.

21.     Further, Defendants have failed to accurately itemize the total hours worked on wage statements furnished to Mr. Zeman.

## VI.   DAMAGES

22.     As a direct, foreseeable, and proximate result of Defendants' conduct, Mr. Zeman is owed overtime compensation plus interest, premium pay for missed meal periods plus interest, and statutory penalties, the precise amount of which will be proven at trial.

//

//

## VII.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### FAILURE TO PAY CALIFORNIA OVERTIME COMPENSATION
### (LABOR CODE §§ 510, 1194, *ET SEQ.*, IWC WAGE ORDER NO. 9)

Plaintiff hereby incorporates by reference all preceding paragraphs as if fully set forth herein.

23.   By failing to pay overtime compensation to Plaintiff as alleged above, Defendants have violated and continue to violate Labor Code § 510 and IWC Wage Order No. 9, § 3, which require overtime compensation for non-exempt employees.

24.   As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, plus interest thereon, and attorneys' fees and costs, under Labor Code § 1194.

25.   By violating Labor Code § 510, Defendants are liable for attorneys' fees and costs under Labor Code § 1194.

26.   Plaintiff requests relief as described below.

### SECOND CAUSE OF ACTION
### FAILURE TO PROVIDE MEAL PERIODS
### (LABOR CODE §§ 226.7, 512, IWC WAGE ORDER NO. 9)

Plaintiff hereby incorporates by reference all preceding paragraphs as if fully set forth herein.

27.   Plaintiff has regularly worked in excess of five (5) hours a day without being afforded at least a half-hour meal period in which he was relieved of all duties, as required by Labor Code §§ 226.7 and 512, and IWC Wage Order No. 9, § 11(A).

28.   Plaintiff has also regularly worked in excess of ten (10) hours a day without being afforded a second half-hour meal period in which he was relieved of all duties, as required by Labor Code §§ 226.7 and 512, and IWC Wage Order No. 9, § 11(B).

29.   Because Defendants failed to afford proper meal periods, they are liable to Plaintiff for one hour of additional pay at the regular rate of compensation for each workday that the proper

1  meal periods were not provided, pursuant to Labor Code § 226.7(b) and IWC Wage Order No. 9, §
2  11(D).

3      30.    Plaintiff requests relief as described below.

4

5                          **THIRD CAUSE OF ACTION**
                **FAILURE TO FURNISH ACCURATE WAGE STATEMENTS**
6              **(LABOR CODE §§ 226 & 226.3; IWC WAGE ORDER NO. 9)**

7  Plaintiff hereby incorporates by reference all preceding paragraphs as if fully set forth

8  herein.

9      31.    Labor Code § 226(a) and IWC Wage Order No. 9, § 7(B) require employers semi-

10 monthly or at the time of each payment of wages to furnish each California employee with a

11 statement itemizing, among other things, the total hours worked by the employee.  Labor Code §

12 226(b) provides that if an employer knowingly and intentionally fails to provide a statement

13 itemizing, among other things, the total hours worked by the employee, then the employee is

14 entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial violation

15 and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000).

16     32.    Defendants knowingly and intentionally failed to furnish Plaintiff with timely,

17 itemized statements that accurately report the total hours worked, as required by Labor Code §

18 226(a) and IWC Wage Order No. 9, § 7(B).  As a result, Defendants are liable to Plaintiff for the

19 amounts provided by Labor Code § 226(b), including an award of costs and reasonable attorneys'

20 fees.

21     33.    Plaintiff requests relief as described below.

22

23                         **FOURTH CAUSE OF ACTION**
               **VIOLATIONS OF THE UNFAIR COMPETITION LAW (UCL)**
24                  **(BUSINESS & PROFESSIONS CODE §§ 17200-09)**

25 Plaintiff hereby incorporates by reference all preceding paragraphs as if fully set forth

26 herein.

27     34.    Business & Professions Code § 17200 prohibits unfair competition in the form of

28 any unlawful, unfair, or fraudulent business act or practice.

35. Business & Professions Code § 17204 allows "any person acting for the interests of itself, its members or the general public" to prosecute a civil action for violation of the UCL.

36. Beginning on or about May 1, 2009, Defendants committed unlawful, unfair, and/or fraudulent business acts and practices as defined by Business & Professions Code § 17200, by engaging in the following:

      a.     failing to pay overtime compensation to Plaintiff; and

      b.     failing to provide adequate off-duty meal periods to Plaintiff and failing to pay premium pay for missed meal periods.

37. The violations of these laws serve as unlawful, unfair, and/or fraudulent predicate acts and practices for purposes of Business & Professions Code § 17200.

38. As a direct and proximate result of Defendants' unlawful, unfair, and/or fraudulent acts and practices described herein, Defendants have received and continue to hold ill-gotten gains belonging to Plaintiff. As a direct and proximate result of Defendants' unlawful business practices, Plaintiff has suffered economic injuries including, but not limited to loss of overtime wages and compensation for missed meal periods. Defendants have profited from its unlawful, unfair, and/or fraudulent acts and practices in the amount of unpaid overtime, unpaid compensation for missed meal periods, and interest accrued.

39. Plaintiff is entitled to restitution pursuant to Business & Professions Code §§ 17203 and 17208 for all unpaid overtime, missed meal period compensation, and interest since four years prior to the filing of this action.

40. Plaintiff is entitled to enforce all applicable penalty provisions of the Labor Code pursuant to Business & Professions Code § 17202.

41. Plaintiff seeks and is entitled to the unpaid compensation, declaratory relief, civil penalties, and any other appropriate remedy.

42. In order to prevent Defendants from profiting and benefiting from their wrongful and illegal acts and continuing those acts, Plaintiff seeks an order requiring Defendants to disgorge all the profits and gains they have reaped and restore such profits and gains to Plaintiff, from whom they were unlawfully taken.

43.     Plaintiff has assumed the responsibility of enforcement of the laws and lawful claims specified herein. There is a financial burden incurred in pursuing this action which is in the public interest. Therefore, reasonable attorneys' fees are appropriate pursuant to Code of Civil Procedure § 1021.5.

44.     By all of the foregoing alleged conduct, Defendants have committed, and are continuing to commit, ongoing unlawful, unfair and fraudulent business practices within the meaning of Business & Professions Code §17200, *et seq.*

45.     Pursuant to Business & Prof. Code §17203, Plaintiff and members of the general public are entitled to: (a) restitution of money acquired by Defendants by means of their unfair business practices, in amounts not yet ascertained but to be ascertained at trial; and (b) a declaration that Defendants' business practices are unfair within the meaning of the statute.

46.     Plaintiff requests relief as described below.

## VIII.    REQUEST FOR JURY TRIAL

47.     Plaintiff requests a trial by jury.

## IX.    PRAYER FOR RELIEF

48.     WHEREFORE, Plaintiff requests relief as follows:

A.     A declaratory judgment that Defendants have knowingly and intentionally violated the following provisions of law:

1.     Labor Code §§ 510, 1194, *et seq.*, and IWC Wage Order No. 9 by failing to pay proper overtime compensation to Plaintiff;

2.     Labor Code §§ 226.7 and 512, and IWC Wage Order No. 9 by failing to provide off-duty meal periods to Plaintiff;

3.     Labor Code § 226 and IWC wage order No. 9, § 7(B) by failing to provide Plaintiff with accurate itemized statements of total hours worked with each payment of wages;

4.     Business & Professions Code §§ 17200-17208, by failing to pay proper overtime compensation under California law, by failing to provide meal periods and/or pay missed meal period compensation, and by failing to provide itemized wage statements showing all hours worked;

- 8 -
COMPLAINT

B.    A declaratory judgment that Defendants' violations as described above were willful;

C.    An equitable accounting to identify, locate, and restore to Plaintiff the wages that are due;

D.    An award to Plaintiff in the amount of unpaid overtime compensation and missed meal period compensation, including interest thereon, subject to proof at trial;

E.    An award to Plaintiff of statutory penalties because of Defendants' failure to provide Plaintiff with itemized wage statements that comply with the requirements of Labor Code § 226, subject to proof at trial;

F.    An order requiring Defendants to pay restitution of all amounts owed to Plaintiff for Defendants' failure to pay legally required overtime pay, missed meal period pay, and interest thereon, in an amount according to proof, pursuant to Business & Professions Code § 17203.

G.    An award to Plaintiff of reasonable attorneys' fees and costs, pursuant to Labor Code §§ 226 and 1194 and/or other applicable law; and

H.    An award to Plaintiff of such other and further relief as this Court deems just and proper.

DATED: June 7, 2013

LEONARD CARDER, LLP

By: _____

AARON KAUFMANN
JENNIFER KEATING
Attorneys for Plaintiffs

## NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)
### Case Number

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)). There is additional information on the reverse side of this form.

**BC 511656**

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|---|
| | Hon. Daniel Buckley | 1 | 534 | | Hon. Michael Johnson | 56 | 514 | |
| | Hon. Barbara A. Meiers | 12 | 636 | | Hon. Ralph W. Dau | 57 | 517 | |
| | Hon. Terry A. Green | 14 | 300 | | Hon. Rolf M. Treu | 58 | 516 | |
| | Hon. Richard Fruin | 15 | 307 | | Hon. Michael L. Stern | 62 | 600 | |
| | Hon. Rita Miller | 16 | 309 | | Hon. Mark Mooney | 68 | 617 | |
| | Hon. Richard E. Rico | 17 | 309 | | Hon. William F. Fahey | 69 | 621 | |
| | Hon. Kevin C. Brazile | 20 | 310 | | Hon. Soussan G. Bruguera | 71 | 729 | |
| | Hon. Robert L. Hess | 24 | 314 | | Hon. Ruth Ann Kwan | 72 | 731 | |
| | Hon. Mary Ann Murphy | 25 | 317 | | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| | Hon. Yvette M. Palazuelos | 28 | 318 | | | | | |
| | Hon. Barbara Scheper | 30 | 400 | | | | | |
| | Hon. Mary H. Strobel | 32 | 406 | | **Hon. Emilie H. Elias** | **324** | **CCW** | |
| | Hon. Maureen Duffy-Lewis | 38 | 412 | | **Hon. Elihu M. Berle*** | **323** | **CCW** | |
| | Hon. Michelle R. Rosenblatt | 40 | 414 | | OTHER | | | |
| | Hon. Ronald M. Sohigian | 41 | 417 | | | | | |
| | Hon. Holly E. Kendig | 42 | 416 | | | | | |
| | Hon. Mel Red Recana | 45 | 529 | | | | | |
| | Hon. Debre Katz Weintraub | 47 | 507 | | | | | |
| | Hon. Elizabeth Allen White | 48 | 506 | | | | | |
| | Hon. Deirdre Hill | 49 | 509 | | | | | |
| | Hon. John L. Segal | 50 | 508 | | | | | |
| | Hon. Abraham Khan | 51 | 511 | | | | | |
| | Hon. Susan Bryant-Deason | 52 | 510 | | | | | |
| | Hon. Steven J. Kleifield | 53 | 513 | | | | | |
| | Hon. Ernest M. Hiroshige | 54 | 512 | | | | | |
| | Hon. Malcolm H. Mackey | 55 | 515 | | | | | |

**\*Complex**

All cases designated as complex (other than class actions) are initially assigned to Judge Elihu M. Berle in Department 323 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____     JOHN A. CLARKE, Executive Officer/Clerk

LACIV CCH 190 (Rev. 01/12)
LASC Approved 05-06
For Optional Use

**NOTICE OF CASE ASSIGNMENT –**

**UNLIMITED CIVIL CASE**

Page 1 of 2

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Aaron D. Kaufmann (SBN 148580) <br> Jennifer Keating (SBN 250857) <br> Leonard Carder, LLP, 1330 Broadway, Suite 1450 <br> Oakland, CA  94612 | CONFORMED COPY <br> OF ORIGINAL FILED <br> Los Angeles Superior Court <br><br> JUN 07 2013 <br><br> John A. Clarke, Executive Officer/Clerk <br> By _____, Deputy <br> SHAUNYA WESLEY |
| TELEPHONE NO.: (510) 272-0169     FAX NO.: (510) 272-0174 | |
| ATTORNEY FOR (Name): Plaintiff Luke Zeman | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA  90012
BRANCH NAME: Stanley Mosk Courthouse

| CASE NAME: <br> Luke Zeman v. Xtra Lease, LLC | |
|---|---|

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [✓] Unlimited <br> (Amount <br> demanded <br> exceeds $25,000) | [ ] Limited <br> (Amount <br> demanded is <br> $25,000 or less) | [ ] Counter   [ ] Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | BC 511656 |
| | | | JUDGE: <br> DEPT: |

BY FAX

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): Four
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)

Date: June 7, 2013

Jennifer Keating
_____
(TYPE OR PRINT NAME)                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

| SHORT TITLE: Zeman v. Xtra Lease, LLC | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**BY FAX**

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL ____ ☐ HOURS/ ☐ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – if you checked "Limited Case", skip to Item III; Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: Zeman v. Xtra Lease, LLC | | CASE NUMBER |
|---|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

| SHORT TITLE:     Zoman v. Xtra Lease, LLC | | CASE NUMBER |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| **Miscellaneous Civil Petitions** | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| Zeman v. Xtra Lease, LLC | | |

**Item III.** *Statement of Location:* Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. | ADDRESS: 19130 San Jose Ave |
|---|---|
| ☐1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| City of Industry | CA | 91748 |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk courthouse in the Central District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: June 7, 2013

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

LACIV CCH 190 (Rev. 01/12)
LASC Approved 05-06
For Optional Use

**NOTICE OF CASE ASSIGNMENT –**

**UNLIMITED CIVIL CASE**

Page 2 of 2

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FAX NO. (Optional):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

LACIV 229 (new)
LASC Approved 04/11

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

Page 1 of 2

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

    h.    Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

    i.    Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lasuperiorcourt.org* under "*Civil*" and then under "*General Information*").

2.    The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
                       (INSERT DATE)                        (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.    The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.    References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____        ►_____
         (TYPE OR PRINT NAME)                               (ATTORNEY FOR PLAINTIFF)
Date:

_____        ►_____
         (TYPE OR PRINT NAME)                               (ATTORNEY FOR DEFENDANT)
Date:

_____        ►_____
         (TYPE OR PRINT NAME)                               (ATTORNEY FOR DEFENDANT)
Date:

_____        ►_____
         (TYPE OR PRINT NAME)                               (ATTORNEY FOR DEFENDANT)
Date:

_____        ►_____
         (TYPE OR PRINT NAME)                            (ATTORNEY FOR _____)
Date:

_____        ►_____
         (TYPE OR PRINT NAME)                            (ATTORNEY FOR _____)
                                                  ►_____
         (TYPE OR PRINT NAME)                            (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

   i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

   ii. Include a brief summary of the dispute and specify the relief requested; and

   iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

   i. Also be filed on the approved form (copy attached);

   ii. Include a brief summary of why the requested relief should be denied;

LACIV 036 (new)
LASC Approved 04/11

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

III.   Be filed within two (2) court days of receipt of the Request; and

iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.   No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.   If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.   If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.   If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.   The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.   Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.   Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

_____    ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)

Date:

_____    ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____    ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____    ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____    ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____    ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

_____    ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:       FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE <br> (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER |
|---|---|

1. This document relates to:
   - ☐    Request for Informal Discovery Conference
   - ☐    Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a **Request for Informal Discovery Conference**, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an **Answer to Request for Informal Discovery Conference**, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

LACIV 094 (new)
LASC Approved 04/11

## INFORMAL DISCOVERY CONFERENCE
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: | FAX NO. (Optional): | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions.  If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference.  Each side's portion of the short joint statement of issues may not exceed three pages.  The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER |
|---|---|
|  |  |

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

➤ _____
(ATTORNEY FOR PLAINTIFF)

_____
(TYPE OR PRINT NAME)

Date: _____

➤ _____
(ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date: _____

➤ _____
(ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date: _____

➤ _____
(ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date: _____

➤ _____
(ATTORNEY FOR _____ )

_____
(TYPE OR PRINT NAME)

Date: _____

➤ _____
(ATTORNEY FOR _____ )

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

# EXHIBIT B

NOTICE SENT TO:

Leonard Carder, LLP
1330 Broadway, Ste. 1450
Oakland                CA    94612

ORIGINAL FILED
FILE STAMP

JUL 03 2013

LOS ANGELES
SUPERIOR COURT

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| LUKE ZEMAN | | CASE NUMBER |
|---|---|---|
| | Plaintiff(s), | BC511656 |
| VS. | | |
| XTRA LEASE LLC | | NOTICE OF STATUS CONFERENCE AND ORDER |
| | Defendant(s). | |

To plaintiff/petitioner and self-represented parties: Notice is hereby given that the Status Conference in the above-entitled action will be held on July 30, 2013 at 8:30 am in Department 52 of the Central District, located at 111 North Hill Street, Los Angeles, California 90012. Re: Initial Status Conference AND/OR ENTRY OF DEFAULT

At the Status Conference the Court will determine the present status of the case, how to achieve compliance with time standards, whether any party has not been diligent in pursuing the case, and will make appropriate orders intended to move this matter forward to final disposition.

[✓] Plaintiff/Petitioner and self-represented parties must appear at the Status Conference unless within five days before the status conference, the following has occurred:

[ ] Arbitration Award has been filed.
[ ] Judgment has been entered.                    [ ] A Request for Trial De Novo has been filed.
[✓] A Request for Dismissal of the entire action has been filed.   [ ] Statement of Agreement has been filed.
[ ] Other:

## ORDER

[✓] Plaintiff/Petitioner is ordered to give notice of said hearing forthwith to any party served with summons and complaint before the status conference hearing and file a Proof of Service in this department within five days before the hearing.

Failure to comply or appear may result in an Order to Show Cause re the imposition of sanctions.

Dated: July 3, 2013

_Susan Bryant-Deason_
Judicial Officer

## CERTIFICATE OF MAILING

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Status Conference and Order upon each party or counsel named above by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown above with the postage thereon fully prepaid.

Dated: July 3, 2013

John A. Clarke, EXECUTIVE OFFICER/CLERK

By _____, Deputy Clerk
M. ISUNZA

NOTICE OF STATUS CONFERENCE AND ORDER

LACIV 167 (Rev. 01/07)
LASC Approved 06-04

LASC Local Rules, Chapter 7
Cal. Rules of Court, rule 2.2 et seq.

PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 1330 Broadway, Suite 1450, Oakland, California 94612. On July 5, 2013, I served the within documents:

• **NOTICE OF STATUS CONFERENCE AND ORDER**

( )      by transmitting via facsimile the document(s) listed above to the fax number(s) set for below on this date before 5:00 p.m.

( X )      by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Oakland, California, addressed as set forth below.

( )      by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Stacy E. James
Littler Mendelson, PC
501 W. Broadway, Suite 900
San Diego, CA  92101-3577
Direct: 619 515-1865
Telephone:  619 232-0441
Facsimile:  619 232-4302
sjames@littler.com

*Attorney for Defendant XTRA LEASE, INC.*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on July 5, 2013, at Oakland, California.


CATE L. COELHO

# EXHIBIT C

STACEY E. JAMES, Bar No. 185651
sjames@littler.com
LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
Telephone:    619.232.0441
Facsimile:    619.232.4302

HEATHER M. DAVIS, Bar No. 239372
hdavis@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
Telephone:    310.553.0308
Facsimile:    310.553.5583

Attorneys for Defendant
XTRA LEASE, LLC

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

LUKE ZEMAN,

      Plaintiff,

v.

XTRA LEASE, LLC; and DOES 1
TO 10, inclusive,

      Defendants.

Case No.  BC511656

ASSIGNED FOR ALL PURPOSES TO
HON. SUSAN  BRYANT DEASON

**ANSWER OF DEFENDANT XTRA LEASE,
LLC**

Complaint Filed:  June 7, 2013

BY FAX

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310 553 0308

Firmwide:121639773 1 060954 1008

ANSWER

Defendant XTRA LEASE, LLC ("Defendant") hereby submits its Answer to the Complaint ("Complaint") filed by Plaintiff LUKE ZEMAN ("Plaintiff"):

## GENERAL DENIAL

Defendant generally and specifically denies each and every allegation of the Complaint, and the whole thereof, pursuant to section 431.30 of the California Code of Civil Procedure and further denies that Plaintiff has been damaged in any sum or at all. Finally, given the conclusory nature of the Complaint, Defendant hereby reserves its right to amend/supplement its answer upon further investigation and discovery of facts supporting its defenses.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses. In so doing, Defendant does not concede that it has the burden of production or proof as to any affirmative defense asserted below. Further, Defendant does not presently know all the factors concerning the conduct of Plaintiff sufficient to state all affirmative defenses at this time. Accordingly, Defendant will seek leave of this Court to amend this Answer should it later discover facts demonstrating the existence of additional affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

### (Good Faith)

1.      As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that any violation of the Labor Code or an Order of the Industrial Welfare Commission was an act or omission made in good faith, and Defendant had reasonable grounds for believing that its practices complied with applicable laws and that any act or omission was not a violation of the Labor Code or any Order of the Industrial Welfare Commission, such that Plaintiff is not entitled to any damages.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:121639773.1 060954.1008

1.

ANSWER

## SECOND AFFIRMATIVE DEFENSE

### (Exemption)

2.     As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein, or some of them, are barred because Plaintiff is exempt from the payment of overtime compensation and the provision of meal periods pursuant to the administrative, executive, and/or outside sales and/or inside sales exemptions arising under the Federal Labor Standards Act, California Labor Code, applicable Wage Order(s) and all applicable regulations, taking into account appropriate tacking of exemptions.

## THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

3.     As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein, or some of them, are barred by the equitable doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

### (Reasonable Expectations)

4.     As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein, or some of them, are barred by the fact that Plaintiff did not perform his duties in accordance with the reasonable expectations of Defendant and/or in the manner directed by Defendant, and accordingly such acts or omissions cannot deprive Defendant the benefit of the exemption from overtime pursuant to *Ramirez v. Yosemite Water Co.*, 20 Cal. 4th 785 (2000).

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

5.     As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Complaint and

ITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
os Angeles, CA 90067-3107
310.553.0308

Firmwide:121639773.1 060954.1008

2.

1  each cause of action set forth therein, or some of them, are barred by the equitable doctrine

2  unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Plaintiff's Breach of Duties)

6.     As a separate and distinct affirmative defense, Defendant is informed and believ

that further investigation and discovery will reveal, and on that basis alleges, that the Complaint a

each cause of action set forth therein, or some of them, are barred by his own breach of the dutie

owed to Defendant pursuant to California Labor Code sections 2854-2859.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate - Avoidable Consequences)

7.     Defendant is informed and believe that a reasonable opportunity for investigation an

discovery will reveal, and on that basis allege, that Plaintiff, and some or all of the persons he seek

to represent, failed to take reasonable actions to mitigate his/their damages, if any, and any recovery

to which Plaintiff might be entitled must be reduced by reason of his and/or their failure to mitigate

his and/or their damages, if any.

## EIGHTH AFFIRMATIVE DEFENSE

### (Lack of Actual Injury)

8.     As a separate and distinct affirmative defense, Defendant asserts that the Complaint

and each cause of action set forth therein, or some of them, are barred because Plaintiff did not suffer

any actual injury.

## NINTH AFFIRMATIVE DEFENSE

### (Unconstitutionally Vague)

9.     As a separate and distinct affirmative defense, Defendant alleges that California

Business and Professions Code sections 17200 et seq. and applicable Wage Orders of the Industrial

Welfare Commission are unconstitutionally vague and overbroad and the manner in which Plaintiff

claim, and thus constitutes a violation of Defendant's right to due process.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:121639773.1 060954.1008

3.

ANSWER

## TENTH AFFIRMATIVE DEFENSE

### (No Prejudgment Interest)

10.     As a separate and distinct affirmative defense, Defendant asserts that the Complaint fails to state a claim upon which prejudgment interest may be granted because the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

## ELEVENTH AFFIRMATIVE DEFENSE

### (De Minimis Non Curat Lex)

11.     Defendant is informed and believes that an opportunity for discovery and further investigation will reveal, and on that basis allege, that Plaintiff's claims are barred in whole or in part by the doctrine of *de minimis non curat lex.*

## TWELFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

12.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims for penalties are barred in part by the applicable statute of limitations, including *inter alia*, California Code of Civil Procedure section 340, subdivision (a).

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Private Right of Act)

13.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims for penalties are barred because there is no private right of action under California Labor Code Section 226.3.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1.     That Plaintiff's Complaint be dismissed in its entirety with prejudice;

2.     That Plaintiff take nothing by this action;

3.     That Defendant be awarded its costs of suit and attorneys' fees incurred herein; and

4.     That Defendant be awarded such other and further relief as the Court deems just and proper.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

Firmwide:121639773.1 060954.1008

4.

ANSWER

2

Dated: July 11, 2013

3

4      HEATHER M. DAVIS
       LITTLER MENDELSON, P.C.
5      Attorneys for Defendant
       XTRA LEASE, LLC
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

Firmwide:121639773.1 060954.1008

5.

ANSWER

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Heather M. Davis (239372)
Littler Mendelson, P.C., 2049 Century Park East, 5th Floor
Los Angeles, CA  90067

TELEPHONE NO: 310.553.0308    FAX NO. (Optional): 310.553.5583
E MAIL ADDRESS (Optional): hdavis@littler.com
ATTORNEY FOR (Name): Defendant XTRA LEASE, LLC

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME:

PLAINTIFF/PETITIONER: Luke Zeman

DEFENDANT/RESPONDENT: Xtra Lease, LLC

FOR COURT USE ONLY

CASE NUMBER:
BC511656

JUDGE: Deason
DEPT.:

**PROOF OF SERVICE—CIVIL**

**Check method of service (only one):**

| | By Personal Service | ✓ By Mail | | By Overnight Delivery |
| | By Messenger Service | | By Fax | | By Electronic Service |

*(Do not use this proof of service to show service of a Summons and complaint.)*

1. At the time of service I was over 18 years of age and **not a party to this action.**

2. My residence or business address is:

   2049 Century Park East, Fifth Floor, Los Angeles, CA  90067

3. ☐ The fax number or electronic service address from which I served the documents is *(complete if service was by fax or electronic service):*

4. On *(date):* July 10, 2013        I served the following **documents** *(specify):*

   ANSWER OF DEFENDANT XTRA LEASE, LLC

   ☐ The documents are listed in the *Attachment to Proof of Service–Civil (Documents Served)* (form POS-040(D)).

5. I served the documents on the **person or persons** below, as follows:

   a. Name of person served: Aaron Kaufmann
   b. ☑ *(Complete if service was by personal service, mail, overnight delivery, or messenger service.)*
      Business or residential address where person was served:
      LEONARD CARDER, LLP, 1330 Broadway, Suite 1450, Oakland, CA 94612

   c. ☐ *(Complete if service was by fax or electronic service.)*
      (1) Fax number or electronic service address where person was served:

      (2) Time of service:
      ☐ The names, addresses, and other applicable information about persons served is on the *Attachment to Proof of Service—Civil (Persons Served)* (form POS-040(P)).

6. The documents were served by the following means *(specify):*

   a. ☐ **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
POS-040 [Rev. July 1, 2011]

**PROOF OF SERVICE—CIVIL**
(Proof of Service)



Code of Civil Procedure, §§ 1010.6, 1011, 1013, 1013a,
2015.5; Cal. Rules of Court, rules 2.260, 2.306
www.courts.ca.gov


American LegalNet, Inc.
www.FormsWorkFlow.com

Zeman v. Xtra Lease

BC511656

POS-040

6. b. [✓] **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and (specify one):

    (1) [✓]  deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

    (2) [  ]  placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

    I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at (city and state): Los Angeles, CA  90067

c. [  ] **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. [  ] **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 5 and providing them to a professional messenger service for service. (A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)

e. [  ] **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 5. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

f. [  ] **By electronic service.** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed in item 5.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: July 10, 2013

Lori A. Reed
_____
(TYPE OR PRINT NAME OF DECLARANT)

▶    _____
(SIGNATURE OF DECLARANT)

*(If item 6d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

## DECLARATION OF MESSENGER

[  ] **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on (date):

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(NAME OF DECLARANT)

▶    _____
(SIGNATURE OF DECLARANT)

Page 2 of 3

POS-040 [Rev. July 1, 2011]

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

## CV13- 4990 DDP (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

COPY

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| LUKE ZEMAN | XTRA LEASE, LLC AND DOES 1 THROUGH 10 INCLUSIVE |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Aaron Kaufman, SBN 148580<br>Jennifer Keating, SBN 250857<br>Leonard Carder, LLP<br>1330 Broadway, Ste. 1450<br>Oakland, CA 94612<br>510.272.0169 | Stacey E. James, SBN 185651<br>Heather M.Davis, SBN 239372<br>LITTLER MENDELSON, P.C.<br>2049 Century Park East, Fifth Floor<br>Los Angeles, CA 90067<br>310.553.0308 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff ☐ 3 Federal Question (U.S. Government Not a Party

☐ 2 U.S. Government Defendant ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No   ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §§ 1332

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☒ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | **IMMIGRATION** | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV13-04990

| FOR OFFICE USE ONLY: | Case Number: |
|---|---|

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

American LegalNet, Inc.<br>www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Missouri |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date July 11, 2013

Heather Davis

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com