O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LUKE ZEMAN, | ) | Case No. CV 13-04990 DDP (Ex) |
| | ) | |
| Plaintiff, | ) | **ORDER RE: MOTION FOR SUMMARY** |
| | ) | **JUDGMENT AND MOTION TO STRIKE** |
| v. | ) | |
| | ) | [DKT Nos. 38, 45] |
| XTRA LEASE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

Before the court is Plaintiff Luke Zeman ("Plaintiff")'s Motion for Partial Summary Judgment. (Dkt. No. 38.) Also before the court is Plaintiff's Motion to Strike Declarations of Oliver Freeman, Stephen King, and Stephanie Hill (Dkt. No. 45), which the court has construed as an ex parte application (Dkt. Nos. 47). Both matters are fully briefed. Having considered the parties' submissions and heard oral argument, the court issues the following order.

**I.    Plaintiff's Motion to Strike**

Plaintiff asks that the court strike the declarations of Oliver Freeman ("Freeman"), Stephen King ("King"), and Stephanie

Hill ("Hill"), each of whom are Branch Operations Managers at XTRA locations in California.

Defendant responded to an interrogatory seeking the identity of individuals working as Branch Operations Managers at XTRA locations in California by stating, in part, that the information "is not relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence." (Declaration of Jennifer Keating in Support of Motion to Strike Ex. C at 3-4.) Defendant also did not include in its initial disclosures the names of any Branch Operations Managers. (Id. ¶ 3 and Ex. B.)

Defendant subsequently identified Freeman, King, and Hill as witnesses at or about the close of discovery. (Id. ¶ 2, Ex. A.) Defendant then used the declarations of these individuals as key evidence opposing Plaintiff's summary judgment motion. (See Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgement at 1-2, 14-17 and Exs. 3-5.) Defendant offered in its papers and at oral argument the explanation that it did not become aware of the significance of these witnesses until near the close of discovery, that Plaintiff had sought and then retracted a notice to depose two of the Branch Managers in question, and that Defendant's duty to supplement its discovery responses was not so broad as to require, in any event, that Defendant's prior objection on relevance be amended. (See Opposition to Motion to Strike at Plaintiff at 3-8.) Plaintiff noted that it relied on Defendant's assertion of lack of relevance and stated that the depositions were withdrawn because, in reliance on the objection,

the depositions were going to be of limited scope and were not necessary. (See Keating Decl. ¶¶ 6-8.)

The court believes that Defendant's actions were not consistent with the spirit of the discovery rules. At the very least, Defendant would have been well served to call opposing counsel and explain the change in position and offer to extend discovery.  Nevertheless, in the interest of resolving the underlying dispute on the merits, the court will not strike the declarations. Plaintiff's Motion to Strike (Dkt. No. 45) is DENIED. The court will, however, reopen discovery as set forth below. Additionally, if requested by Plaintiff and subject to a full hearing on possible objections, the court may permit Defendant's objection as to relevance to be submitted to the jury.

**II. Motion for Partial Summary Judgement**

In light of questions of material fact with respect to Plaintiff's job duties and responsibilities created by the proffered testimony of Freeman, King, and Hill, Plaintiff's Motion for Partial Summary Judgment (Dkt. No. 38) is DENIED without prejudice.

**III. Modification of Scheduling Order**

The court modifies the Scheduling Order as follows:

    DISCOVERY CUT-OFF:           10-27-14
    LAST DAY TO FILE MOTIONS:    11-28-14
    FINAL PRE-TRIAL CONFERENCE:  02-23-15 at 11:00 a.m.
    2-3 DAY JURY TRIAL:          03-03-15 at 9:00 a.m.

   The parties are ordered to meet and confer within 10 days of this Order to devise a schedule for addressing discovery issues in an efficient manner during the period of reopened discovery.

IT IS SO ORDERED.

Dated: August 5, 2014

                                    DEAN D. PREGERSON
                                    United States District Judge

4